# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-474V
UNPUBLISHED

|  |  |
|---|---|
| ADRIA PECORA *and* JOSEPH PECORA, JR., *as representatives of the* ESTATE OF MARYANNE PECORA, *deceased*,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: March 30, 2021<br><br>Special Processing Unit (SPU); Joint Stipulation on Damages; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |

*Danielle Anne Strait, Maglio Christopher & Toale, PA, Seattle, WA, for petitioners.*

*Claudia Barnes Gangi, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION ON JOINT STIPULATION[1]

On April 1, 2019, Adria Pecora and Joseph Pecora, Jr., ("Petitioners"), as personal representatives of the Estate of Maryanne Pecora ("Mrs. Pecora"), deceased, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioners allege that Mrs. Pecora suffered Guillain-Barre Syndrome ("GBS") as a result of an influenza ("flu") vaccine administered on October 8, 2017. Petition at 1-2; Stipulation, filed on March 30, 2021, at ¶¶ 1-2, 4. Petitioners further allege that the vaccine was administered within the United States; that Mrs. Pecora's condition lasted more than six months and that her death was the sequela of her alleged vaccine-related injury; and that there has been no prior award

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

or settlement of a civil action for damages on behalf of Mrs. Pecora as a result of her alleged condition or her death. Petition at 1, 4-5; Stipulation at ¶¶ 3-5. "Respondent denies that the flu vaccine caused Mrs. Pecora's alleged GBS, any other injury, or her death." Stipulation at ¶ 6.

Nevertheless, on March 30, 2021, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation. I find the stipulation reasonable and adopt it as my decision awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached Stipulation, **I award** the following compensation:

> **A lump sum of $280,447.00 in the form of a check payable to Petitioners as legal representatives of the Estate of Maryanne Pecora**. Stipulation at ¶ 8. This amount represents compensation for all items of damages that would be available under Section 15(a).

I approve the requested amount for Petitioners' compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |
|---|---|
| ADRIA PECORA and JOSEPH PECORA, JR., as representatives of the ESTATE OF MARYANNE PECORA, deceased,  )<br>)<br>)<br>)<br>)<br>) |  |
| Petitioner,  )<br>) | |
| v.  )<br>) | No. 19-474V<br>Chief Special Master Corcoran<br>(ECF) |
| SECRETARY OF HEALTH AND HUMAN SERVICES,  )<br>)<br>) | |
| Respondent.  )<br>) | |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Adria Pecora and Joseph Pecora, Jr. ("petitioners"), as personal representatives of the estate of Maryanne Pecora ("Mrs. Pecora"), deceased, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries and death allegedly related to Mrs. Pecora's receipt of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Mrs. Pecora received the flu vaccine on October 8, 2017.

3. The vaccine was administered within the United States.

4. Petitioners allege that as a result of receiving the flu vaccine, Mrs. Pecora suffered Guillain-Barré Syndrome ("GBS"). Mrs. Pecora passed away on December 27, 2017. Petitioners further allege that Mrs. Pecora's death was the sequela of her alleged vaccine-related injury.

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on behalf of Mrs. Pecora as a result of her alleged condition or her death.

6. Respondent denies that the flu vaccine caused Mrs. Pecora's alleged GBS, any other injury, or her death.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $280,447.00 in the form of a check payable to petitioners as legal representatives of the Estate of Maryanne Pecora. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioners and their attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies,

Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraph 8 of this Stipulation, and any amount awarded pursuant to paragraph 9, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioners represent that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as the legal representatives of the Estate of Maryanne Pecora under the laws of the State of New Jersey. No payments pursuant to this Stipulation shall be made until petitioners provide the Secretary with documentation establishing their appointment as the legal representatives of the Estate of Maryanne Pecora. If petitioners are not authorized by a court of competent jurisdiction to serve as the legal representatives of the Estate of Maryanne Pecora at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as the legal representatives of the Estate of Maryanne Pecora upon submission of written documentation of such appointment to the Secretary.

13. In return for the payments described in paragraph 8, and any amount awarded pursuant to paragraph 9, petitioners, in their individual capacities, and as the Personal Representatives of the Estate of Maryanne Pecora, on behalf of Mrs. Pecora's heirs, executors, administrators, successors or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National

Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Mrs. Pecora resulting from, or alleged to have resulted from, the flu vaccine administered on October 8, 2017, as alleged in a Petition filed on April 1, 2019, in the United States Court of Federal Claims as petition No. 19-474V.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused Mrs. Pecora's alleged GBS or any other injury or her death.

17. All rights and obligations of petitioners in their capacities as the Personal Representatives of the Estate of Maryanne Pecora shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted,

**PETITIONERS:**

*[signature]*

_____
ADRIA PECORA

*[signature]*

_____
JOSEPH PECORA, JR.

**ATTORNEY OF RECORD FOR PETITIONERS:**

*[signature]*

DANIELLE A. STRAIT, ESQ.
Maglio, Christopher & Toale, PA
1325 Fourth Ave., Suite 1730
Seattle, Washington 98101
Tel: (888) 952-5242
Email: dstrait@mctlawyers.com

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*[signature]*

HEATHER L. PEARLMAN
Acting Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

*CAPT Dale Mishler, DHSc, for*

TAMARA OVERBY
Acting Director, Division of Injury Compensation Programs
Healthcare Systems Bureau
Health Resources and Services Administration
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

*Claudia B. Gangi by Heather L Pearlman*

CLAUDIA B. GANGI
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4138
Email: claudia.gangi@usdoj.gov

Dated: 03/30/2021